UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOY BUSH, Personal Representative of the Estate of Larry Clark, | ) ) ) | |
| Plaintiff | ) ) | |
| vs. | ) ) | CAUSE NO. 3:14-CV-1571 RM |
| BIOMET ORTHOPEDICS, LLC, et al., | ) ) ) | |
| Defendants | ) | |

OPINION and ORDER

The court dismissed Joy Bush's amended complaint on June 19, 2014 because that complaint didn't contain allegations sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332. The jurisdictional allegations of that complaint were that Joy Bush, as personal representative of the Estate of Larry Clark, "is a citizen and resident of the State of Indianapolis" and the Biomet defendants are all Indiana citizens. The dismissal was without prejudice.

Ms. Bush is now before the court on her motion to reopen this case; she has also asked leave to file a second amended complaint, in which she alleges that she is a citizen of Indiana, decedent Larry Clark was an Indiana citizen at the time of his death, the Biomet defendants are all Indiana citizens. She claims that "[t]his court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(11) as this matter is a mass action in which there is minimal diversity in that at least one Plaintiff in the MDL is not a citizen of the same state as at least one defendant and

the Plaintiffs each seek recovery exceeding $75,000.00 with the total matter in controversy exceeding $5,000,000.00." Proposed Second Amd. Compl., ¶ 16. The Biomet defendants haven't filed a response and the time for doing so has passed.

Ms. Bush is mistaken in her claim that "[b]ecause this case is part of an MDL mass action, it need only meet the minimal diversity requirements of 28 U.S.C. § 1332(d)(11)." The Biomet MDL was assigned to this court, and cases have been transferred here, pursuant to 28 U.S.C. § 1407, not 28 U.S.C. § 1332(d)(11). *See* Transfer Ord. (Oct. 2, 2012) [docket # 1 in Cause No. 3:12-md-2391]. No cases in the MDL have been certified as a class action and no plaintiff has requested to be or been designed as the personal representative of any class under Federal Rule of Civil Procedure 23. The cases in the Biomet MDL have been centralized in this court for the purpose of conducting pretrial discovery, not for the purpose of conducting joint trials. *See* Transfer Ord. ("Centralization will avoid duplicative discovery on such complex issues as the design, testing, manufacturing, and marketing of the M2a Magnum system and related motion practice . . . [and] will eliminate duplicative discovery, prevent inconsistent pretrial rulings on discovery and other issues, and conserve the resources of the parties, their counsel, and the judiciary."). Thus, the Biomet MDL isn't a "mass action" under 28 U.S.C. § 1332(d)(11), which is defined as "any civil action in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact," 28 U.S.C. § 1332(d)(11)(B)(i), and specifically does not include "any civil action in which . . .

the claims have been consolidated or coordinated solely for pretrial proceedings." 28 U.S.C. § 1332(d)(11)(B)(ii)(IV).

Ms. Bush's proposed second amended complaint alleges that decedent Larry Clark and the Biomet defendants are all citizens of the State of Indiana and so doesn't allege the existence of diversity jurisdiction under 28 U.S.C. § 1332(a)(1). The court DENIES her motion to reopen this case [docket # 17] and DENIES her motion for leave to file a second amended complaint [docket # 20].

SO ORDERED.

ENTERED:   September 12, 2014

/s/ Robert L. Miller, Jr.
Judge, United States District Court